UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WALKER,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES CONGRESS,<br><br>　　　　　　　　　Defendant. | Case No.: 3:25-cv-02064-JES-BLM<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>**[ECF No. 2]** |

　　　On August 8, 2025, Plaintiff Steven Walker ("Plaintiff") filed a complaint alleging violations of his constitutional rights. ECF No. 1. Plaintiff also filed a motion for leave to proceed in forma pauperis ("IFP"). ECF No. 2. For the reasons stated below, the Court **DENIES** Plaintiff's IFP motion.

## I.　MOTION TO PROCEED IFP

　　　Generally, all parties instituting a civil action in this court must pay a filing fee of $405.00. *See* 28 U.S.C. § 1914(a); CivLR 4.5(a). But the Court may authorize a party to proceed without paying the fee if that party submits an affidavit demonstrating an inability to pay. 28 U.S.C. § 1915(a). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of

1  life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). "[A] plaintiff seeking
2  IFP status must allege poverty with some particularity, definiteness, and certainty." *Id*.
3  (internal quotation marks and citation omitted). Granting or denying leave to proceed IFP
4  in civil cases is within the district court's sound discretion. *Venable v. Meyers*, 500 F.2d
5  1215, 1216 (9th Cir. 1974). To that end, "[a]n affidavit in support of an IFP application is
6  sufficient where it alleges that the affiant cannot pay the court costs and still afford the
7  necessities of life." *Id*.

In his motion, Plaintiff claims to have a gross monthly income of $5,970.00, $182.00 in cash, and total monthly expenses of $3,632.00. ECF No. 2, Questions 1, 4 and 8. Plaintiff fails to respond to the question that asks Plaintiff to list assets owned. ECF No. 2, Question 5. Plaintiff lists monthly expenses for a vehicle payment and vehicle insurance, but does not list any vehicle as an asset or the value of any vehicle. ECF No. 2, Questions 2, 8.

Given Plaintiff's monthly income and declared amount in cash, it appears Plaintiff can pay the $405.00 filing fee in this case. Nevertheless, if Plaintiff believes that the Court should consider his additional financial obligations that he did not state in his affidavit, he may submit an amended application listing such obligations.

## II.   CONCLUSION

Based on Plaintiff's income and expenses provided, the Court is not persuaded that Plaintiff lacks the funds to pay the filing fee and "still afford the necessities of life." *Escobedo*, 787 F.3d at 1234. Therefore, Plaintiff's motion to proceed IFP is **DENIED** without prejudice.

Plaintiff shall have until **September 19, 2025**, to either pay the filing fee or file a new motion to proceed IFP that provides with "particularity, definiteness, and certainty" the required information. In particular, Plaintiff shall respond truthfully to Questions 5 and 8. If Plaintiff does not pay the filing fee or file a renewed motion to proceed IFP by September 19, 2025, the Clerk of Court shall dismiss the case without prejudice and terminate the action.

/ / /

1 **IT IS SO ORDERED.**

2 Dated: August 25, 2025

Honorable James E. Simmons Jr.
United States District Judge