

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WALKER,<br><br>                              Plaintiff,<br><br>v.<br><br>UNITED STATES CONGRESS,<br><br>                             Defendant. | Case No.: 3:25-cv-02064-JES-BLM<br><br>**ORDER DENYING MOTION TO RECONSIDER ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>**[ECF No. 4]** |

      On August 25, 2025, the Court denied Plaintiff's motion for leave to proceed in forma pauperis ("IFP"). ECF No. 3. The Court ordered Plaintiff to either pay the filing fee or file a new motion to proceed IFP that provides with "particularity, definiteness, and certainty," including answers to Questions 5 and 8. *Id*. The Court cautioned Plaintiff that if he did not pay the filing fee or file a renewed motion to proceed IFP by September 19, 2025, the case would be dismissed without prejudice. *Id*.

      Instead of paying the filing fee or filing a renewed motion to proceed IFP under penalty of perjury, Plaintiff filed a motion to reconsider the Order Denying Motion to Proceed IFP. ECF No. 4. In his motion, Plaintiff discusses his net pay and submits one month's paystub from July 2025, to argue that his net pay is $3,912.43. ECF No. 4-1.

1

However, this one paystub, from two months ago is insufficient for the Court to determine whether Plaintiff "… cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).

Further, Plaintiff states that he is not the legal owner of a vehicle that he purchased on July 15, 2025. ECF No. 4-2. The lienholder is Capital One Finance and Plaintiff argues that under California law he is not the legal owner for purposes of claiming the vehicle as an asset but provides no legal authority or cite any California statute that supports that position. Plaintiff cites *Escobedo* and *Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000) to support this argument, but neither case discusses vehicle ownership under California law.

Finally, Plaintiff argues that the requirement to pay a filing fee violates the First Amendment to freely petition the government for a redress of grievances. ECF No. 4 at 4. Once again, Plaintiff does not cite any binding legal authority to support this argument.

Therefore, Plaintiff's motion to reconsider the Order Denying his Motion to Proceed IFP is **DENIED**. Plaintiff shall have until **September 19, 2025**, to either pay the filing fee or file a new IFP application, signed under penalty of perjury. If Plaintiff does not pay the filing fee or file a renewed motion to proceed IFP or files an incomplete motion to proceed IFP by September 19, 2025, the Clerk of Court shall dismiss the case without prejudice and terminate the action.

**IT IS SO ORDERED.**

Dated:  September 11, 2025

Honorable James E. Simmons Jr.
United States District Judge