UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WALKER,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES CONGRESS,<br><br>　　　　　　　　　　Defendant. | Case No.: 3:25-cv-02064-JES-BLM<br><br>**ORDER:**<br><br>**(1) OVERRULING OBJECTION TO ORDER DENYING MOTION TO RECONSIDER ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS; and**<br><br>**(2) DENYING MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>**[ECF No. 7]** |

On September 11, 2025, the Court denied Plaintiff Steven Walker's ("Plaintiff") motion to reconsider the Court's previous denial of his motion to proceed *in forma pauperis* ("IFP"). ECF No. 5. The Court ordered Plaintiff to either pay the filing fee or file a renewed motion to proceed IFP by September 19, 2025. *Id*.

On September 18, 2025, Plaintiff filed Objections to the Court's Order Denying the Motion to Reconsider the Order Denying his Motion to Proceed IFP. ECF No. 6. Plaintiff raises four objections: (1) the IFP Application form is insufficient and "does not take into

1

consideration Plaintiff's Net Pay," (2) the Court refused to properly consider his net pay versus his gross pay, (3) the Court refused to consider that Plaintiff truthfully answered Question 5, and (4) the Court refused to consider the Constitution of the United States as binding authority. ECF No. 6. The Court will address each objection in turn.

### A. Objection 1

Plaintiff argues that the IFP Application which requests average gross monthly income over the last twelve months is insufficient because it does not consider an individual's net pay. Plaintiff argues that the Court cannot consider whether an IFP applicant can allege poverty with "particularity, definiteness, and certainty" as required by the IFP statute. *Id*. The Court disagrees. There is a reason the Court asks for average gross monthly income during the past twelve months and income expected the next month. The Court asks for that information to accurately assess whether an individual has the means based on the income they've already received during the past twelve months and whether there are any changes to that income over the next month. Further, net income can be affected by voluntary deductions, that could otherwise be used to pay the filing fee. Regardless, once again Plaintiff submits no legal authority that the Court's IFP application is unconstitutional, and the Court **OVERRULES** the objection.

### B. Objection 2

Plaintiff argues the Court refused to properly consider his net pay instead of his gross pay. ECF No. 6. That is incorrect. As the Court stated in its Order, "one paystub, from two months ago is insufficient for the Court to determine whether Plaintiff '… cannot pay the court costs and still afford the necessities of life.' *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015)." ECF No. 5. Plaintiff submitted his motion for reconsideration on September 2, 2025. ECF No. 4. The Court is unaware of Plaintiff's net pay for the month of August or September. According to Plaintiff's paystub, he gets paid the first of the month. ECF No. 4-1. Once again, the IFP Application requests the average income for the past twelve months and the next month after submission of the IFP Application. The Court

1  needs that information to properly access Plaintiff's ability to pay the filing fee. Therefore, the Court **OVERRULES** the objection.

### C. Objection 3

Plaintiff argues the Court was "trying to force Plaintiff to admit to something that is not true." ECF No. 6. Presumably, this involves Plaintiff's vehicle, a 2016 Jeep Wrangler. In his objection, Plaintiff claims that he is not the legal owner of the vehicle because the vehicle is under a lease agreement. ECF No. 6 at 4. However, this contradicts the "Report of Sale – Used Vehicle" and Capital One letter that Plaintiff submitted in his motion for reconsideration. ECF No. 4-2 at 2, 4-3 at 2. Those documents indicate that the vehicle was purchased pursuant to a finance agreement, not a lease agreement. Despite the fact that a bank financed the vehicle, Plaintiff is still the legal owner of the vehicle. He has the right to sale the vehicle at any time he chooses but will still have to pay off the outstanding balance of any loan, similar to the legal owner of a house with an outstanding mortgage. Plaintiff presents no authority that he is not the legal owner of the 2016 Jeep Wrangler. Therefore, the Court **OVERRULES** the objection.

### D. Objection 4

Plaintiff argues the Court refused to consider the Constitution of the United States as binding authority. ECF No. 6 at 4. Plaintiff appears to argue that the Court cannot require the payment of a filing fee since he is filing this action against the United States government. Plaintiff cites the United States Constitution First Amendment, Article I, section 8, clause 9, and Article III. The First Amendment does not absolve an individual from paying the filing fee in a civil case, it mentions nothing of the sort. Article I, section 8, clause 9 gives Congress the power "[t]o constitute Tribunals inferior to the supreme Court," which has nothing to do with paying court filing fees and Article III, which establishes the authority of the judicial branch, contains nothing about the payment of a filing fee.

Further, Plaintiff cites three cases to support his argument, none of which address the payment of a court filing fee. The cases are *Eastern R.R. Presidents Conf. v. Noerr*

*Motor Freight, Inc.*, 365 U.S. 127 (1961); Justice Jackson's dissenting opinion in *Trump v. Casa*, 606 U.S. 831 (2025); and *Elrod v. Burns*, 427 U.S. 347, 361-362 (1976). *Eastern R.R. Presidents Conf.* does not address the payment of court filing fees. *Trump v. Casa* dealt with universal injunctions and the majority did not discuss the payment of filing fees in court cases. Neither did Justice Jackson in her dissenting opinion. Even if Justice Jackson did discuss the payment of filing fees in her dissenting opinion, it is not binding authority. In *Elrod*, the Court dealt with the practice of patronage dismissals and did not remotely discuss the payment of filing fees. Once again Plaintiff submits no authority that actually supports his position. Therefore, the Court **OVERRULES** the objection.

**E. IFP Motion**

Plaintiff has submitted a new IFP application and Plaintiff lists his average gross monthly income for the past twelve months as $6,087.72 and for the next month as the same amount. The Court notes this is more than Plaintiff previously listed his average gross monthly income over the past twelve months. Regardless, Plaintiff lists assets of $17.00 in his checking account, and $51.00 combined in his savings accounts. Plaintiff lists the 2016 Jeep Wrangler and writes in "(72 MONTH LOAN)(DO NOT OWN)" and lists a negative amount of $34,128.00. This once again disputes Plaintiff's previous statements that the vehicle was acquired under a lease agreement. It appears the negative amount is the balance of the loan of the vehicle, but not the net value of the vehicle minus the loan, as such, the Court disregards the negative amount listed as inaccurate based on Plaintiff's mistaken belief that he is not the owner of the vehicle and therefore did not properly list the value of the vehicle. Plaintiff's monthly gross income and assets available indicate $6,155.72 and Plaintiff listed $3,730 in monthly expenses and also listed $2,003 in average monthly income deductions. However, according to the July paystub Plaintiff previously submitted in his motion for reconsideration (ECF No. 4-1), at least $100 of that monthly income deduction is a voluntary deduction to a 457 plan, so the Court includes that as a source of income that could be used to pay the court filing fee for one month. Assuming the amounts Plaintiff lists are correct, and excluding the 2016 Jeep Wrangler, his total gross monthly

income and assets are $6,255.72 and his total monthly expenses and monthly income deductions are $5,733, leaving him with $522.72 every month after accounting for all of his expenses and the necessities of life. Plaintiff is able to afford the one-time court filing fee of $405.00 and still afford the necessities of life.

Therefore, Plaintiff's IFP motion is **DENIED**. The Court will not consider any additional IFP motions or requests for reconsideration. Plaintiff shall have until **October 27, 2025**, to pay the filing fee. If Plaintiff does not pay the filing fee by October 27, 2025, the Clerk of Court shall dismiss the case without prejudice and terminate the action.

**IT IS SO ORDERED.**

Dated:  October 6, 2025

_____
Honorable James E. Simmons Jr.
United States District Judge