UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WALKER,<br><br>                      Plaintiff,<br><br>v.<br><br>UNITED STATES CONGRESS,<br><br>                      Defendant. | Case No.: 3:25-cv-02064-JES-BLM<br><br>**ORDER:**<br><br>**(1) DENYING MOTION FOR RELIEF FROM ORDER DENYING RENEWED IN FORMA PAUPERIS APPLICATION;**<br><br>**(2) DENYING MOTION FOR PRELIMINARY INJUNCTION AS MOOT; and**<br><br>**(3) DISMISSING CASE FOR FAILURE TO COMPLY WITH THE COURT'S ORDER**<br><br>**[ECF Nos. 9, 10]** |

//
//
//

On August 25, 2025, the Court denied Plaintiff Steven Walker's ("Plaintiff") motion to proceed *in forma pauperis* ("IFP"). ECF No. 3. On September 11, 2025, the Court denied Plaintiff's motion to reconsider the Court's previous denial of his motion to proceed IFP. ECF No. 5. On October 6, 2025, the Court overruled Plaintiff's Objection to the Order Denying Motion to Reconsider Order Denying Motion to Proceed IFP and denied Plaintiff's renewed Motion to Proceed IFP. ECF No. 8. In the October 6, 2025, Order, the Court cautioned Plaintiff it would not consider any additional IFP motions or requests for reconsideration and ordered Plaintiff to pay the filing fee by October 27, 2025. *Id*. at 5. The Court also cautioned Plaintiff that if he failed to pay the filing fee, the Court would dismiss the case without prejudice and terminate the action. *Id*.

On October 7, 2025, Plaintiff filed a motion for preliminary injunction. ECF No. 9. On October 20, 2025, Plaintiff filed a motion to vacate and motion for relief from Order Denying renewed IFP application. ECF No. 10. Plaintiff cites Federal Rule of Civil Procedure ("FRCP") 60(b)(3) and argues that the Court's rationale for denying the renewed IFP application was based on a mistaken understanding of the factual record. *Id*. at 2. On December 5, 2025, Plaintiff filed a notice of appeal. ECF No. 11.

## I.   DISCUSSION

### A. Jurisdiction

Generally, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Yet, Rule 4 of the Federal Rules of Appellate Procedure, "Appeal as of Right--When Taken," also provides in relevant part: (a)(4) Effect of a Motion on a Notice of Appeal.

> (A) If a party files in the district court any of the following motions under the Federal Rules of Civil Procedure--and does so within the time allowed by those rules--the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:
> …

> (vi) for relief under Rule 60 if the motion is filed within the time allowed for filing a motion under Rule 59;
>
> …
>
> (B)(i) If a party files a notice of appeal after the court announces or enters a judgment--but before it disposes of any motion listed in Rule 4(a)(4)(A)--the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

Fed. R. App. P. 4(a)(4).

Applying Rule 4(a)(4), both the Supreme Court and Ninth Circuit have held that a district court retains jurisdiction to decide a timely filed motion under Rule 59 regardless of whether the motion was filed before or after a notice of appeal. *See Griggs*, 459 U.S. at 59 ("[I]n order to prevent unnecessary appellate review, the district court was given express authority to entertain a timely motion to alter or amend the judgment under Rule 59, even after a notice of appeal had been filed."), citing Fed. R. App. P. 4(a)(4); *see also Tripati v. Henman*, 845 F.2d 205, 206 (9th Cir. 1988) ("Because the purpose of Rule 4(a)(4) is to prevent duplication of effort by the courts, appellate review of the underlying merits of [petitioner's appeal] would be premature prior to the district court's consideration of the motion to alter or amend the judgment."); *see also Sams v. California Department of Corrections and Rehabilitation*, No. 5:21-cv-00493-ODW (JDEx), 2025 WL 819063, at *1 (C.D. Cal. Jan. 14, 2025) (Since "Plaintiff's FRCP 59 and FRCP 60 motions remain[ed] pending, Plaintiff's Notice of Appeal [wa]s not yet effective and accordingly d[id] not divest [the] Court of jurisdiction.")

Because Plaintiff's motion is timely, the Court therefore retains jurisdiction to decide the instant motion regardless of whether it was filed before or after his notice of appeal.

**B. Motion for Relief from Judgment**

Here, Plaintiff's entire motion repeats arguments raised in his previous motion to reconsider the Court's denial of his motion to proceed IFP and his Objection to the Order Denying Motion to Reconsider Order Denying Motion to Proceed IFP. *See generally* ECF Nos. 4, 7. Plaintiff does not raise any new evidence and instead argues that the Court

committed several mistakes in its prior Order Denying his motion to proceed IFP. The Court previously addressed these arguments in prior orders regarding the ownership of his vehicle and his monthly salary. *See* ECF Nos. 4, 5, 6, 8. Since the Court has previously addressed these issues in prior orders, as well as a prior motion for reconsideration, the Court declines to address these issues anew.

In the Court's October 6, 2025, Order, the Court ordered Plaintiff to pay the filing fee by October 27, 2025. ECF No. 8. To date, Plaintiff has not paid the filing fee. The Court therefore **DISMISSES WITHOUT PREJUDICE** the case for failure to comply with the Court's October 6, 2025, Order. Plaintiff's motion for relief from Order Denying Renewed IFP Application is **DENIED** and Plaintiff's Motion for Preliminary Injunction is **DENIED AS MOOT**. Plaintiff's appeal will now proceed on this final order.

**IT IS SO ORDERED.**

Dated: January 5, 2026

Honorable James E. Simmons Jr.
United States District Judge